MARINA C. TSATALIS, State Bar No. 178897
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: mtsatalis@wsgr.com

FILED
2008 JUL -7 PM 2:26
SOUTHERN DISTRICT OF CALIFORNIA
BY CNH DEPUTY

Attorneys for Defendant
PONY INTERNATIONAL, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

RICHARD EDWARDS,

Plaintiff,

v.

PONY INTERNATIONAL, LLC; SYMPHONY HOLDINGS LIMITED, a Bermuda corporation, SHARP GAIN PROFITS, LTD., a Bermuda corporation; INFINITY ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. '08 CV 1206 H POR

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**[FEDERAL QUESTION]**

PLEASE TAKE NOTICE THAT Defendant PONY INTERNATIONAL, LLC ("Pony"), hereby removes to this Court the state court action described below:

1. On March 7, 2008, an action was commenced in the Superior Court for the County of San Diego entitled *RICHARD EDWARDS, Plaintiff v. PONY INTERNATIONAL, LLC; SYMPHONY HOLDINGS LIMITED, a Bermuda corporation; SHARP GAIN PROFITS, LTD., a Bermuda corporation; INFINITY ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive, Defendants,* as Case No. 37-2008-00079478-CU-WT-CTL. A true and correct copy of the Complaint is attached hereto as Exhibit A. This original Complaint did not contain a claim under federal law.

ORIGINAL

2. The first date upon which Defendant Pony received a copy of the Complaint was April 21, 2008, when Pony was served with a copy of the Complaint and a summons via Pony's agent for service of process. A true and correct copy of the summons served upon Pony's agent for service of process is attached hereto as Exhibit B.

3. On June 5, 2008, the stipulated deadline between Plaintiff's and Pony's counsel for Pony to respond to the original Complaint, Plaintiff filed a First Amended Complaint. Plaintiff's First Amended Complaint differed from the original Complaint in that it added a ninth cause of action for "Termination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq." Pony's counsel was served with a copy of the First Amended Complaint by mail on June 5, 2008. This was Pony's first opportunity to ascertain that Plaintiff's action contained a claim arising under federal law and was removable. A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit C. The exhibits hereto contain all process and pleadings that Pony has received in this action.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b), in that it is founded on a claim arising under the laws of the United States, specifically, the Age Discrimination in Employment Act ("ADEA") (28 U.S.C. § 621 et seq.). First Amended Complaint ¶¶ 44-52. Because Plaintiff's First Amended Complaint alleges violations arising under federal law, this Court has federal question jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-810 (1986).

5. Although there are causes of action within this case that are not removable, this Court may remove the entire case and determine all issues therein pursuant to 28 U.S.C. § 1441(c). *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709 (9th Cir. 1990).

6. Venue lies in the United States District Court for the Southern District of California because Plaintiff's state court action was filed and is pending in the Superior Court for the County of San Diego, which is within this judicial district. 28 U.S.C. § 1441(a).

7. The other three named Defendants in this action are not joining in the removal because none of them have been served with the First Amended Complaint.

8. As all of the requirements of 28 U.S.C. § 1441 are met, and no more than 30 days have elapsed since Pony was served with the First Amended Complaint and could first ascertain that Plaintiff's action was removable, Pony desires and hereby requests that this entire action be removed to this Court as permitted by law.

Dated: July 7, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: Marina C. Tsatalis /s/
Marina C. Tsatalis

Attorneys for Defendant
PONY INTERNATIONAL, LLC

EXHIBIT A

Paul M. Ostroff (State Bar No. 67054)
ostroffp@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff Richard Edwards

FILED
CIVIL BUSINESS OFFICE 19
CENTRAL DIVISION
08 MAR -7 PM 3:08
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

RICHARD EDWARDS,

Plaintiff,

v.

PONY INTERNATIONAL, LLC; SYMPHONY HOLDINGS LIMITED, a Bermuda corporation, SHARP GAIN PROFITS, LTD., a Bermuda corporation; INFINITY ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Defendants.

Case No. 37-2008-00079478-CU-WT-CTL

**COMPLAINT FOR:**

**(1) Breach of Contract;**
**(2) Penalties Under Labor Code § 203;**
**(3) Violation of Labor Code § 970;**
**(4) Unlawful Termination in Violation of Labor Code § 98.6;**
**(5) Wrongful Discharge in Violation of Public Policy; and**
**(6) Termination in Violation of California Government Code § 12940 (Age Discrimination)**

**JURY TRIAL DEMANDED**

Plaintiff alleges:

1. Plaintiff Richard Edwards is a 53 year old male.

2. Defendant Pony International, LLC is a limited liability company organized and existing under the laws of the state of California. Said defendant's principal place of business is located in the City of San Diego.

3. At all times herein relevant, Symphony Holdings Limited and Sharp Gain Profits, Ltd. were each corporations organized under, and by virtue of, the laws of Bermuda.

4. At all times herein mentioned, Infinity Associates, LLC was a limited liability company organized under the laws of the state of Delaware.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

5. The true names and capacities of defendants named as Doe 1 through Doe 50, inclusive, are presently unknown to plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

6. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

**FIRST CAUSE OF ACTION — BREACH OF CONTRACT**

7. On or about May 1, 2006, plaintiff and defendants entered into a written employment contract by the terms of which defendants agreed to employ plaintiff in the position of Vice President of Creative and Design. A copy of the employment contract is attached hereto as **Exhibit 1** and incorporated by reference.

8. Included in this employment contract were the following terms:

**BONUS:** You shall participate in the new Senior Executive Bonus Plan to be established by the Company's Management Committee. The new plan shall enable you to receive a bonus of up to 25% of your base salary in 2006, up to 50% in 2007, and up to 100% in 2008 and thereafter, based primarily on the financial performance of the Company.

**STOCK OPTIONS:** You shall receive options, vesting over four years, to purchase 15% of Pony's initial membership interest.

9. Plaintiff performed the terms of his employment contract.

10. Defendants breached the employment contract by failing and refusing to pay plaintiff a bonus, and failing and refusing to grant him stock options.

11. As a direct and proximate result of defendants conduct as aforesaid, plaintiff has incurred damages in the sum of not less than $400,000, and further amounts according to proof.

12. Plaintiff has retained counsel to represent him in this proceeding and has incurred

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

reasonable attorney fees for the prosecution of this action. Plaintiff is accordingly entitled to recover attorney fees pursuant to the California Labor Code.

SECOND CAUSE OF ACTION — PENALTIES UNDER LABOR CODE § 203

13. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-12 hereof.

14. On March 23, 2007, defendants terminated plaintiff's employment. Defendants have failed, and continue to fail, to pay to plaintiff the bonuses due to him. Plaintiff is accordingly entitled to recover penalties pursuant to Labor Code § 203 in the amount of not less than $35,000, and further amounts according to proof.

THIRD CAUSE OF ACTION — VIOLATION OF LABOR CODE § 970

15. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-8 and 12 hereof.

16. At the time plaintiff accepted defendants' offer of employment, and entered into the contract of employment, **Exhibit 1** hereto, he was a resident of the state of Washington. In reliance on the representations of the defendants, including, but not limited to, their representation concerning the compensation for the work which he would perform on their behalf, plaintiff was induced to and did relocate his residence from the state of Washington to the state of California.

17. The representations of the defendants were knowingly false.

18. As a result of the conduct of defendants as aforesaid, plaintiff has suffered damages in the amount of not less than $400,000, and further amounts according to proof. Pursuant to Labor Code § 972, plaintiff is entitled to recover double damages.

FOURTH CAUSE OF ACTION — UNLAWFUL TERMINATION IN VIOLATION OF CALIFORNIA LABOR CODE § 98.6

19. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 and 12 hereof.

20. In connection with the performance of his duties as an employee of defendants, plaintiff brought to their attention a number of problems relating to their failure to comply with federal and California labor and employment law. These included, but were not limited to:

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

1. The absence of mandatory posters;
2. Misclassification of individuals as independent contractors who were, in fact, employees;
3. Failure to pay overtime to some employees, and failure to maintain accurate records of overtime; and
4. Misclassification of employees as exempt who were, in fact, not exempt under federal and California wage and hour law.

21. On March 23, 2007, in the City of San Diego, defendants terminated plaintiff's employment. Defendants terminated plaintiff's employment because of his conduct alleged in the preceding paragraph.

22. Plaintiff filed a timely complaint with the California Division of Labor Standards Enforcement alleging termination in violation of Labor Code § 98.6. Plaintiff has exhausted all administrative remedies pertaining to his claim under Labor Code § 98.6.

23. As a result of the aforesaid conduct of defendants, plaintiff has incurred damages in the amount of not less than $400,000, and further amounts according to proof.

## FIFTH CAUSE OF ACTION — WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

24. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-8, 12, and 20-21 hereof.

25. Defendants' actions in terminating plaintiff as alleged hereinabove in the Fourth Cause of Action violates Labor Code § 98.6 and thereby violates the public policy of the state of California.

26. As a result of defendants' actions again him, plaintiff has suffered, and continues to suffer, damages in the form of lost wages and other employment benefits, and emotional distress, the exact amount of which will be proven at trial.

27. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and emotional distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages according to proof.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

SIXTH CAUSE OF ACTION — WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY – REPORTING FINANCIAL IMPROPRIETIES

28. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 hereof.

29. In the course of his employment by defendants, plaintiff questioned various financial practices of the defendants. Plaintiff brought to the attention of managers and directors of defendants that a number of overseas employees were getting paid cash under the table in violation of applicable law. Plaintiff also brought to the attention of managers and directors of defendants possible improprieties concerning the billing for factories through a corporation in Hong Kong that was owned by defendant Symphony Holdings Limited. Plaintiff also suspected that there was money laundering going on, and so informed both the chief executive officer and chief financial officer of defendant Pony International, LLC about his concerns.

30. On March 23, 2007, defendants terminated plaintiff's employment. Defendants terminated plaintiff's employment because of plaintiff's acts and conduct described in the preceding paragraph. Defendants' conduct violates the public policy of the state of California.

31. As a result of defendants' actions as aforesaid, plaintiff has suffered, and continues to suffer, damages in the form of lost wages and other employment benefits, and emotional distress, the exact amount of which will be proven at trial.

32. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and emotional distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

SEVENTH CAUSE OF ACTION — TERMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940

33. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 hereof.

34. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code § 12940, subdivision (a), which prohibits discrimination on the basis of age.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

35. At all times herein mentioned, each defendant regularly employed five or more persons, bringing defendant employers within the provisions of Government Code § § 12900 *et seq.*, prohibiting employers, or their agents, from discriminating against employees on the basis of age.

36. On or about January 3, 2008, plaintiff filed an administrative charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). A notice of right to sue was thereafter issued by the DFEH.

37. On March 23, 2007, defendants terminated plaintiff's employment because of his age.

38. Defendants' conduct, as alleged herein, constitutes an unlawful employment practice in violation of Government Code § 12940, subdivision (a).

39. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered, and continues to suffer, substantial losses in earnings and job benefits, and has suffered, and continues to suffer, humiliation and emotional distress and discomfort all to his damage, the precise amount of which will be proven at trial.

40. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and emotional distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

41. Plaintiff has retained counsel for the prosecution of this action, and is accordingly entitled to recover attorney fees pursuant to Government Code § 12965 (b).

## EIGHTH CAUSE OF ACTION — WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY – AGE

42. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 33-41 hereof.

43. Defendants' termination of plaintiff violated the public policy of the state of California, specifically California Government Code § 12940(a), which prohibits discrimination in employment on the basis of age.

WHEREFORE, plaintiff prays:

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

1. For damages of $400,00, and further amounts according to proof for breach of contract;

2. Penalties under Labor Code § 203 in the sum of $35,000, and further amounts according to proof;

3. Damages of $800,000 pursuant to Labor Code § 972;

4. For compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;

5. For exemplary and punitive damages according to proof;

6. For reasonable attorney fees;

7. For costs of suit; and

8. For such other and further relief as the court may deem proper.

DATED: March 6, 2008

LANE POWELL PC

By [signature]
Paul M. Ostroff, CSB No. 67054
Attorneys for Plaintiff Richard Edwards

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

PO Box 2697
Santa Barbara, CA 93120

April 27, 2006

Richard Edwards
114 1/2 1st Ave South
Suite 6
Seattle WA 98104

Dear Richard,

We are very pleased to offer you the position of Vice President of Creative & Design of Pony International LLC ("Pony"). The following describes the terms of our offer.

| | |
|---|---|
| START DATE: | May 1, 2006 |
| POSITION: | Vice President of Creative & Design, reporting to the Company's CEO. Your responsibilities shall include the conceptual development of the Company's footwear and apparel products, management of the Company's in-house and contract designers, and oversight of the Company's product development calendar. |
| BASE SALARY: | $8,125.00 Semi-Monthly as earned, Annualized at $195,000. |
| BONUS: | You shall participate in the new Senior Executive Bonus Plan to be established by the Company's Management Committee. The new plan shall enable you to receive a bonus of up to 25% of your base salary in 2006, up to 50% in 2007, and up to 100% in 2008 and thereafter, based primarily on the financial performance of the Company. |
| STOCK OPTIONS: | You shall receive options, vesting over four years, to purchase 1.5 % of Pony's initial membership interest. |
| BENEFITS: | You shall be eligible to participate in the Company's comprehensive medical, dental and vision insurance plans. You shall be entitled to take four weeks annual paid vacation. |

JPS

We are excited that you have decided to join Pony and look forward to working with you in the months and years ahead. This offer is valid until ~~April 30~~ May 5, 2006 at 5:00 PM. Please sign and fax a copy of this letter to me confirming your acceptance of our offer to fax number 925-228-9229.

Sincerely,

Jim Sroessor
Chief Executive Officer
Pony International LLC

Signature
Richard Edwards

5/1/06
Date

Cc M. Cason, B. Simon, R. Prabser

EXHIBIT 1
PAGE 1 of 1

Apr. 18. 2008 4:19PM Nationwide Process Service, Inc. No. 8489 P. 2

04/24/08 12:35pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Clerk of the Superior Court
MAR 11 2008
BY: T. Lusch, Clerk

MAR 19 '08 PM 3:24

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
PONY INTERNATIONAL, LLC; SYMPHONY HOLDINGS LIMITED, a Bermuda Corporation; SHARP GAIN PROFITS, LTD., a Bermuda corporation; INFINITY ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 60, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD EDWARDS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of San Diego
220 W Broadway
San Diego, CA 92101

CASE NUMBER: 37-2008-00079478-CU-WT-CTL
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul M. Ostroff Phone No. (503) 778-2100
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158

DATE: MAR 11 2008 *(Fecha)*
Clerk, by T. Lusch, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Pony International LLC
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT [illegible]

6-5-08

Paul M. Ostroff (State Bar No. 67054)
ostroffp@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff Richard Edwards

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| RICHARD EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>PONY INTERNATIONAL, LLC; SYMPHONY HOLDINGS LIMITED, a Bermuda corporation, SHARP GAIN PROFITS, LTD., a Bermuda corporation; INFINITY ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 47-2008-00079478-CU-WT-CTL<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) Breach of Contract;**<br>**(2) Penalties Under Labor Code § 203;**<br>**(3) Violation of Labor Code § 970;**<br>**(4) Unlawful Termination in Violation of Labor Code § 98.6;**<br>**(5) Wrongful Discharge in Violation of Public Policy; and**<br>**(6) Termination in Violation of California Government Code § 12940 (Age Discrimination)**<br>**(7) Termination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq.**<br><br>**JURY TRIAL DEMANDED**<br><br>**(BY FACSIMILE)** |

Plaintiff alleges:

1. Plaintiff Richard Edwards is a 53 year old male.

2. Defendant Pony International, LLC is a limited liability company organized and existing under the laws of the State of California. Said defendant's principal place of business is located in the City of San Diego.

3. At all times herein relevant, Symphony Holdings Limited and Sharp Gain Profits, Ltd. were each corporations organized under, and by virtue of, the laws of Bermuda.



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

4. At all times herein mentioned, Infinity Associates, LLC was a limited liability company organized under the laws of the State of Delaware.

5. The true names and capacities of defendants named as Doe 1 through Doe 50, inclusive, are presently unknown to plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

6. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

**FIRST CAUSE OF ACTION — BREACH OF CONTRACT**

7. On or about May 1, 2006, plaintiff and defendants entered into a written employment contract by the terms of which defendants agreed to employ plaintiff in the position of Vice President of Creative and Design. A copy of the employment contract is attached hereto as **Exhibit 1** and incorporated by reference.

8. Included in this employment contract were the following terms:

**BONUS:** You shall participate in the new Senior Executive Bonus Plan to be established by the Company's Management Committee. The new plan shall enable you to receive a bonus of up to 25% of your base salary in 2006, up to 50% in 2007, and up to 100% in 2008 and thereafter, based primarily on the financial performance of the Company.

**STOCK OPTIONS:** You shall receive options, vesting over four years, to purchase 15% of Pony's initial membership interest.

9. Plaintiff performed the terms of his employment contract.

10. Defendants breached the employment contract by failing and refusing to pay plaintiff a bonus, and failing and refusing to grant him stock options.

11. As a direct and proximate result of defendants conduct as aforesaid, plaintiff has

incurred damages in the sum of not less than $400,000, and further amounts according to proof.

12. Plaintiff has retained counsel to represent him in this proceeding and has incurred reasonable attorney fees for the prosecution of this action. Plaintiff is accordingly entitled to recover attorney fees pursuant to the California Labor Code.

**SECOND CAUSE OF ACTION — PENALTIES UNDER LABOR CODE § 203**

13. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-12 hereof.

14. On March 23, 2007, defendants terminated plaintiff's employment. Defendants have failed, and continue to fail, to pay to plaintiff the bonuses due to him. Plaintiff is accordingly entitled to recover penalties pursuant to Labor Code § 203 in the amount of not less than $35,000, and further amounts according to proof.

**THIRD CAUSE OF ACTION — VIOLATION OF LABOR CODE § 970**

15. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-8 and 12 hereof.

16. At the time plaintiff accepted defendants' offer of employment, and entered into the contract of employment, **Exhibit 1** hereto, he was a resident of the State of Washington. In reliance on the representations of the defendants, including, but not limited to, their representation concerning the compensation for the work which he would perform on their behalf, plaintiff was induced to and did relocate his residence from the State of Washington to the State of California.

17. The representations of the defendants were knowingly false.

18. As a result of the conduct of defendants as aforesaid, plaintiff has suffered damages in the amount of not less than $400,000, and further amounts according to proof. Pursuant to Labor Code § 972, plaintiff is entitled to recover double damages.

**FOURTH CAUSE OF ACTION — UNLAWFUL TERMINATION IN VIOLATION OF CALIFORNIA LABOR CODE § 98.6**

19. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 and 12 hereof.

20. In connection with the performance of his duties as an employee of defendants,

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

plaintiff brought to their attention a number of problems relating to their failure to comply with federal and California labor and employment law. These included, but were not limited to:

1. The absence of mandatory posters;
2. Misclassification of individuals as independent contractors who were, in fact, employees;
3. Failure to pay overtime to some employees, and failure to maintain accurate records of overtime; and
4. Misclassification of employees as exempt who were, in fact, not exempt under federal and California wage and hour law.

21. On March 23, 2007, in the City of San Diego, defendants terminated plaintiff's employment. Defendants terminated plaintiff's employment because of his conduct alleged in the preceding paragraph.

22. Plaintiff filed a timely complaint with the California Division of Labor Standards Enforcement alleging termination in violation of Labor Code § 98.6. Plaintiff has exhausted all administrative remedies pertaining to his claim under Labor Code § 98.6.

23. As a result of the aforesaid conduct of defendants, plaintiff has incurred damages in the amount of not less than $400,000, and further amounts according to proof.

**FIFTH CAUSE OF ACTION — WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

24. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-8, 12, and 20-21 hereof.

25. Defendants' actions in terminating plaintiff as alleged hereinabove in the Fourth Cause of Action violates Labor Code § 98.6 and thereby violates the public policy of the State of California.

26. As a result of defendants' actions against him, plaintiff has suffered, and continues to suffer, damages in the form of lost wages and other employment benefits, and emotional distress, the exact amount of which will be proven at trial.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

27. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and emotional distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages according to proof.

**SIXTH CAUSE OF ACTION — WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY – REPORTING FINANCIAL IMPROPRIETIES**

28. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 hereof.

29. In the course of his employment by defendants, plaintiff questioned various financial practices of the defendants. Plaintiff brought to the attention of managers and directors of defendants that a number of overseas employees were getting paid cash under the table in violation of applicable law. Plaintiff also brought to the attention of managers and directors of defendants possible improprieties concerning the billing for factories through a corporation in Hong Kong that was owned by defendant Symphony Holdings Limited. Plaintiff also suspected that there was money laundering going on, and so informed both the chief executive officer and chief financial officer of defendant Pony International, LLC about his concerns.

30. On March 23, 2007, defendants terminated plaintiff's employment. Defendants terminated plaintiff's employment because of plaintiff's acts and conduct described in the preceding paragraph. Defendants' conduct violates the public policy of the State of California.

31. As a result of defendants' actions as aforesaid, plaintiff has suffered, and continues to suffer, damages in the form of lost wages and other employment benefits, and emotional distress, the exact amount of which will be proven at trial.

32. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and emotional distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

**SEVENTH CAUSE OF ACTION — TERMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940**

33. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 hereof.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

34. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code § 12940, subdivision (a), which prohibits discrimination on the basis of age.

35. At all times herein mentioned, each defendant regularly employed five or more persons, bringing defendant employers within the provisions of Government Code §§ 12900 *et seq.*, prohibiting employers, or their agents, from discriminating against employees on the basis of age.

36. On or about January 3, 2008, plaintiff filed an administrative charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). A notice of right to sue was thereafter issued by the DFEH.

37. On March 23, 2007, defendants terminated plaintiff's employment because of his age.

38. Defendants' conduct, as alleged herein, constitutes an unlawful employment practice in violation of Government Code § 12940, subdivision (a).

39. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered, and continues to suffer, substantial losses in earnings and job benefits, and has suffered, and continues to suffer, humiliation and emotional distress and discomfort all to his damage, the precise amount of which will be proven at trial.

40. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and emotional distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

41. Plaintiff has retained counsel for the prosecution of this action, and is accordingly entitled to recover attorney fees pursuant to Government Code § 12965 (b).

**EIGHTH CAUSE OF ACTION — WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY – AGE**

42. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 33-41 hereof.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

43. Defendants' termination of plaintiff violated the public policy of the State of California, specifically California Government Code § 12940(a), which prohibits discrimination in employment on the basis of age.

**NINTH CAUSE OF ACTION - TERMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 et. seq.**

44. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1-7 hereof.

45. This action is brought pursuant to the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq., (hereinafter "ADEA"), which prohibits discrimination in employment on the basis of age.

46. At all times herein relevant, each defendant was an employer within the meaning of the ADEA.

47. On March 23, 2007, defendants terminated plaintiff's employment because of his age.

48. On or before January 3, 2008, plaintiff filed an administrative charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination in violation of the ADEA. A notice of right to sue was thereafter issued by the EEOC, and received by the plaintiff on or about March 30, 2008.

49. Defendants' conduct, as alleged herein, constitutes a violation of the ADEA.

50. As a consequence of defendants' conduct, as aforesaid, plaintiff has suffered losses in compensation, fringe benefits, and other benefits of employment, all to his damage in an amount which is as yet unascertained, but to be determined at trial.

51. Defendants, by their actions, have willfully, intentionally, purposely, maliciously, and with reckless indifference to plaintiff's legally protected right to be free from discrimination due to age, discriminated against plaintiff with respect to his terms, conditions, and privileges of employment. As a result, plaintiff is entitled to recover liquidated damages in accordance with the ADEA and 29 U.S.C. § 216, in an amount equal to twice plaintiff's back pay, front pay, fringe benefits, and other economic damages.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

52. Plaintiff has retained counsel for the prosecution of this action, and is accordingly entitled to recover attorney fees pursuant to 29 U.S.C. § 621 et. seq.

WHEREFORE, plaintiff prays:

1. For damages of $400,000, and further amounts according to proof for breach of contract;

2. Penalties under Labor Code § 203 in the sum of $35,000, and further amounts according to proof;

3. Damages of $800,000 pursuant to Labor Code § 972;

4. For compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;

5. Pursuant to the willful violation of the ADEA, and 29 U.S.C. § 216, liquidated damages in the amount of twice the back pay, front pay, and fringe benefits awarded to plaintiff;

6. For exemplary and punitive damages according to proof;

7. For reasonable attorney fees;

8. For costs of suit; and

9. For such other and further relief as the court may deem proper.

DATED: June 5, 2008

LANE POWELL PC

By [signature]
Paul M. Ostroff, CSB No. 67054
Attorneys for Plaintiff Richard Edwards

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

**PROOF OF SERVICE**

STATE OF OREGON )
) ss.
COUNTY OF MULTNOMAH )

I am a resident of the State of Oregon, over the age of eighteen years, and not a party to the within action. My business address is 601 SW Second Avenue, Suite 2100, Portland, OR 97204. On June 5, 2008, I served the within document:

**PLAINTIFF RICHARD EDWARDS' FIRST AMENDED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Portland, Oregon, addressed as set forth below.

Marvin Dunson III, Esq.
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Facsimile: (650) 565-5100

☒ On June 5, 2008, I sent such document(s) from facsimile machine (503) 778-2200. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (503) 778-2200 which confirms said transmission and receipt.

Marvin Dunson III, Esq.
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Facsimile: (650) 565-5100

I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.

Executed this 5th day of June 2008.

Jenifer L. Norton

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
TELEPHONE: 503.778.2100 FACSIMILE: 503.778.2200

BY FAX

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2008 JUL -7 PM 2:25

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

**I. (a) PLAINTIFFS**

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff ~~Unknown~~ San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul M. Ostroff, Lane Powell PC, 601 SW Second Avenue, Suite 2100 Portland, Oregon 97204-3158, Telephone: (503) 778-2100

Attorneys (If Known) '08 CV 1206 H POR
Marina C. Tsatalis, Esq., Wilson Sonsini Goodrich & Rosati 650 Page Mill Road, Palo Alto, CA 94304-1050 (650) 493-9300

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

TORTS — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

OTHER STATUTES: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/ Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

LABOR: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

CIVIL RIGHTS: ☐ 441 Voting; ☒ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

IMMIGRATION: ☐ 462 Naturalization Application; ☐ 463 Habeas Corpus - Alien Detainee; ☐ 465 Other Immigration Actions

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. Section 621 et seq., Age Discrimination In Employment Act

Brief description of cause: Termination in violation of ADEA.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 07/07/2007 SIGNATURE OF ATTORNEY OF RECORD Marina C. Tsatalis *Marina C. Tsatalis/*

FOR OFFICE USE ONLY

RECEIPT # 152675 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

*GAE 7/7/08*

ORIGINAL

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152675 - TC

July 07, 2008
14:28:00

Civ Fil Non-Pris
USAO #.: 08CV1206
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC218300

Total-> $350.00

FROM: CASE # 08CV1206