MARINA C. TSATALIS, State Bar No. 178897
MARVIN DUNSON III, State Bar No. 216068
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
E-mail:  mtsatalis@wsgr.com

Attorneys for Defendant
PONY INTERNATIONAL, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARDS,<br><br>           Plaintiff,<br><br>      v.<br><br>PONY INTERNATIONAL, LLC; SYMPHONY HOLDINGS LIMITED, a Bermuda corporation, SHARP GAIN PROFITS, LTD., a Bermuda corporation; INFINITY ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>           Defendants. | CASE NO. 08 CV 1206 H POR<br><br>**DEFENDANT PONY INTERNATIONAL, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant PONY INTERNATIONAL, LLC ("Pony" or "Defendant"), by and through its attorneys, hereby answers the unverified First Amended Complaint of Plaintiff RICHARD EDWARDS ("Plaintiff") as follows:

1.      Defendant is informed and believes and on that basis admits that Plaintiff is a 53-year-old male.

2.      Defendant admits that it is a limited liability company incorporated in California. Defendant further admits that its principal place of business is in San Diego. Defendant denies the remaining allegations of paragraph 2.

3. Defendant admits that Symphony Holdings Limited is incorporated in Bermuda. Defendant denies the remaining allegations of paragraph 3.

4. Defendant admits that Infinity Associates, LLC is a limited liability company incorporated in Delaware.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 5, and therefore denies such allegations.

6. Defendant denies the allegations of paragraph 6.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

7. Defendant admits that Plaintiff accepted an offer by Defendant to be employed as its Vice President of Creative and Design by signing an offer letter dated April 27, 2006, which Plaintiff signed and dated May 1, 2006. Defendant denies the remaining allegations of paragraph 7.

8. Defendant admits that the offer letter contained the "BONUS" and "STOCK OPTIONS" provisions quoted in paragraph 8. Defendant denies the remaining allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant admits that Plaintiff has retained counsel to represent him in this proceeding. Defendant denies the remaining allegations of paragraph 12.

### SECOND CAUSE OF ACTION – PENALTIES UNDER LABOR CODE § 203

13. Defendant hereby incorporates by reference its responses to paragraphs 1 through 12.

14. Defendant admits that it terminated Plaintiff's employment with Defendant on or about March 23, 2007. Defendant denies the remaining allegations of paragraph 14.

### THIRD CAUSE OF ACTION – VIOLATION OF LABOR CODE § 970

15. Defendant hereby incorporates by reference its responses to paragraphs 1 through 14.

1  16. Defendant is informed and believes and on that basis admits that at the time that Plaintiff signed the April 27, 2006 offer letter, Plaintiff resided in the state of Washington. Defendant denies the remaining allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

## FOURTH CAUSE OF ACTION – UNLAWFUL TERMINATION IN VIOLATION OF LABOR CODE § 98.6

19. Defendant hereby incorporates by reference its responses to paragraphs 1 through 18.

20. Defendant denies the allegations of paragraph 20.

21. Defendant admits that it terminated Plaintiff's employment with Defendant on or about March 23, 2007. Defendant denies the remaining allegations of paragraph 21.

22. Defendant admits that Plaintiff filed a timely complaint with the California Department of Industrial Relations, Division of Labor Standards Enforcement, alleging termination in violation of California Labor Code § 98.6. Defendant denies the remaining allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

## FIFTH CAUSE OF ACTION – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

24. Defendant hereby incorporates by reference its responses to paragraphs 1 through 23.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

## SIXTH CAUSE OF ACTION – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY — REPORTING FINANCIAL IMPROPRIETIES

28. Defendant hereby incorporates by reference its responses to paragraphs 1 through 27.

1    29.    Defendant denies the allegations of paragraph 29.

2    30.    Defendant admits that it terminated Plaintiff's employment with Defendant on or about March 23, 2007. Defendant denies the remaining allegations of paragraph 30.

4    31.    Defendant denies the allegations of paragraph 31.

5    32.    Defendant denies the allegations of paragraph 32.

## SEVENTH CAUSE OF ACTION – TERMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940

33.    Defendant hereby incorporates by reference its responses to paragraphs 1 through 32.

34.    Defendant admits the allegations of paragraph 34.

35.    Defendant admits that it employed five or more persons during Plaintiff's employment with Defendant, bringing it within the provisions of California Government Code §§ 12900 et seq. Defendant denies the remaining allegations of paragraph 35.

36.    Defendant admits that the California Department of Fair Employment and Housing issued a notice of right-to-sue on January 3, 2008. Defendant also denies the remaining allegations of paragraph 36.

37.    Defendant admits that it terminated Plaintiff's employment with Defendant on or about March 23, 2007. Defendant denies the remaining allegations of paragraph 37.

38.    Defendant denies the allegations of paragraph 38.

39.    Defendant denies the allegations of paragraph 39.

40.    Defendant denies the allegations of paragraph 40.

41.    Defendant admits that Plaintiff has retained counsel to represent him in this proceeding. Defendant denies the remaining allegations of paragraph 41.

## EIGHTH CAUSE OF ACTION – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY — AGE

42.    Defendant hereby incorporates by reference its responses to paragraphs 1 through 41.

43.    Defendant denies the allegations of paragraph 43.

## NINTH CAUSE OF ACTION – TERMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 et seq.

44. Defendant hereby incorporates by reference its responses to paragraphs 1 through 43.

45. Defendant admits the allegations of paragraph 45.

46. Defendant admits that it was an employer within the meaning of the Age Discrimination in Employment Act ("ADEA") during Plaintiff's employment with Defendant. Defendant denies the remaining allegations of paragraph 46.

47. Defendant admits that it terminated Plaintiff's employment with Defendant on or about March 23, 2007. Defendant denies the remaining allegations of paragraph 47.

48. Defendant admits that Plaintiff filed an administrative charge with the United States Equal Employment Opportunity Commission ("EEOC") on January 3, 2008, alleging age discrimination in violation of the ADEA. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the EEOC thereafter issued a notice of right-to-sue to Plaintiff and that he received it on or about March 30, 2008, and therefore denies those allegations.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant admits that Plaintiff has retained counsel to represent him in this proceeding. Defendant denies the remaining allegations of paragraph 52.

## PRAYER FOR RELIEF

Defendant denies that it acted in any manner that would entitle Plaintiff to damages of any kind. Defendant further denies that Plaintiff is entitled to any relief or any of the relief he seeks.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing answers, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The First Amended Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Without admitting that Plaintiff has been injured or damage in any manner or amount whatsoever, Plaintiff is not entitled to recover for his damages, if any, to the extent he has failed to mitigate or reasonably attempt to mitigate his damages as required by law.

## THIRD AFFIRMATIVE DEFENSE

(Waiver, Estoppel, and Consent)

The First Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrines of waiver, estoppel, and consent.

## FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

By virtue of his conduct, Plaintiff comes to this action with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(At-Will Employment)

Any alleged acts that Defendant took were privileged because Plaintiff's employment was terminable at-will under California Labor Code section 2922.

## SIXTH AFFIRMATIVE DEFENSE

(Good Cause)

Defendant's actions toward Plaintiff were based on good, sufficient, and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken in good faith and without malice.

## SEVENTH AFFIRMATIVE DEFENSE

(Legitimate, Bona Fide, Non-Discriminatory Business Reasons)

Plaintiff's claims are barred because Defendant's actions taken with respect to Plaintiff

were justified by legitimate, bona fide, non-discriminatory business reasons unrelated to Plaintiff's age, alleged complaints, or any other unlawful basis.

### EIGHTH AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

Each of Plaintiff's claims fails to state facts sufficient to constitute a cause of action against Defendant that would support an award of punitive damages, and therefore would be precluded under the applicable provisions of law, including California Civil Code section 3294.

### NINTH AFFIRMATIVE DEFENSE

(No Unlawful Motivation)

Any action taken by Defendant with respect to Plaintiff would have taken place notwithstanding any action alleged by him to be unlawful under the FEHA or any public policy.

### TENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

The First Amended Complaint, and each and every purported cause of action and request for damages contained therein, is barred by the doctrine of after-acquired evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

(Exclusive Workers' Compensation Remedy)

The Court lacks jurisdiction of the subject matter of the causes of action alleged in Plaintiff's First Amended Complaint to the extent that Plaintiff claims damages for emotional and mental or physical distress sustained in the course of employment, in that claims for such damages are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board.  Cal. Lab. Code section 3601.

### TWELFTH AFFIRMATIVE DEFENSE

(No Entitlement to Attorney's Fees)

Plaintiff has not stated a valid claim for attorney's fees, and even if he could, such claim is barred by, among other laws, the federal and California constitutions, including, but not limited to, provisions requiring due process and prohibiting excessive fines.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Misconduct Beyond Course and Scope of Employment)

Assuming arguendo that any agent(s) or employee(s) of Defendant engaged in any misconduct toward Plaintiff, which Defendant denies, such conduct was beyond the course and scope of said agent's or employee's agency or employment with Defendant and expressly contrary to and in disregard of Defendant's interests, rules, policies, and/or procedures.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unfulfilled Conditions Precedent)

Plaintiff's cause of action for breach of contract is barred to the extent that Plaintiff has failed to fulfill any contractual conditions precedent or any other contractual conditions precedent were not fulfilled, including, but not limited to, establishment of a Senior Executive Bonus Plan by Defendant's Management Committee.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

Plaintiff's claims are barred, in whole or in part, by the parole evidence rule; any oral statements or representations made to Plaintiff that contradict the express written contractual terms are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Breach)

Plaintiff's purported cause of action for breach of an alleged contract or covenant is barred to the extent that Plaintiff materially breached and repudiated the terms and conditions of the contract or covenant, thereby excusing Defendant's purported obligation to perform.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Anticipatory Breach of Contract and Justification)

Assuming, *arguendo*, an employment contract existed between Plaintiff and Defendant, which Defendant denies, Plaintiff materially breached said contract by failing to perform his duties thereunder and justified Defendant's termination of him.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Promises/Representations too Vague and Indefinite to be Enforced)

To the extent Plaintiff is claiming that Defendant made any promises or representations, such promises or representations were too vague and/or indefinite to be enforced.

### NINETEENTH AFFIRMATIVE DEFENSE

(Fraud)

Plaintiff's first cause of action related to his alleged contract is barred to the extent that the alleged contract upon which the cause of action is based was obtained or otherwise entered into by fraud.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Further Compensation Due)

Plaintiff should take nothing by way of his First Amended Complaint because he has received all compensation due to him by Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The facts are such that it would be inequitable to allow Plaintiff to recover against Defendant, and as such, Plaintiff's recovery is barred, or at the very least, diminished as a consequence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Novation)

Defendant alleges that all or part of Plaintiff's claims for relief are barred by the doctrine of novation.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Acts of Others)

Defendant alleges that all or part of Plaintiff's claims for relief are barred because the damages complained of and allegedly incurred by Plaintiff were caused by the acts and/or omissions of others who are not parties to this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Additional Defenses)

Defendant currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his First Amended Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff and that Plaintiff's action be dismissed in its entirety;
3. For costs incurred herein;
4. For reasonable attorneys' fees incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

Dated: July 14, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Marina C. Tsatalis

Attorneys for Defendant
PONY INTERNATIONAL, LLC

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I, Jo Ann Hylton, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

**DEFENDANT PONY INTERNATIONAL, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒    **BY U.S. MAIL—NON-ECF FILER:** I am familiar with our business practices for collecting and processing of mail for the United States Postal Service. Mail placed by me within the office for collection for the United States Postal Service would normally be deposited with the United States Postal Services that day in the ordinary course of business. The envelope(s) bearing the address(es) above was/were sealed and placed for collection and mailing on the date below following our ordinary business practices.

**Paul M. Ostroff**
**Lane Powell PC**
**601 SW Second Avenue, Suite 2100**
**Portland, Oregon  97204-3158**

☒    **BY FACSIMILE—NON ECF FILER:** I caused a copy of such document(s) to be sent via facsimile transmission to the office(s) of the party(s) stated above and was transmitted without error.
**Paul M. Ostroff**
**Lane Powell PC**
**601 SW Second Avenue, Suite 2100**
**Portland, Oregon  97204-3158**
**Facsimile:  (503) 778-2200**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on July 14, 2008.

*/s/ Jo Ann Hylton*
Jo Ann Hylton